The National City Bank of New York, demandante y apelado, *v.* Mercedes de la Torre, Francisco de la Torre y Arturo O'Neill, demandados y apelante el segundo.

Núm. 7608.—*Resuelto:* Abril 26, 1939.

*Francisco de la Torre, pro se* y *Luis Lloréns Torres,* abogado del apelante; *Fiddler, Córdova & McConnell,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

No estando satisfecho el demandado Francisco de la Torre con nuestra sentencia de 8 de febrero último (ante, pág. 233), el 21 del mes pasado radicó una moción en la que solicita que la reconsideremos y dejemos sin efecto el embargo trabado por el banco demandante sobre bienes inmuebles de la sociedad de gananciales constituída por él y su esposa.

■■■ En su moción de reconsideración el demandado repite más o menos los mismos argumentos que expuso en el alegato que consideramos al emitir la aludida opinión. Alega que con motivo de las enmiendas que sufriera la institución de gananciales en el Código Civil revisado al prohibir al marido enajenar o gravar bienes inmuebles de la sociedad conyugal sin el consentimiento expreso de la esposa, de tal manera varió dicha institución, que las citas que hacemos de Manresa, Scaevola y los autores franceses que han escrito sobre la materia no son aplicables a la actual legislación puertorriqueña.

Cita jurisprudencia del estado de Washington, donde existe una restricción similar en cuanto a la facultad del marido para enajenar o gravar bienes de la sociedad conyugal y donde se ha resuelto que los bienes inmuebles de dicha sociedad no pueden aplicarse al pago de las deudas particulares del marido. Así se ha resuelto, entre otros casos del estado de Washington, en el de *Brotton* v. *Langert*, 23 P. 688. Pero no es menos cierto que en el mismo caso aparece una fuerte opinión disidente del Juez Stiles, de la que tomamos el siguiente párrafo:

"No puedo creer que fuera la intención de la legislatura de 1881 proteger todos estos bienes inmuebles de la sociedad conyugal de responsabilidades por endosos de giros o pagarés de favor (*accommodation paper*), garantías, y especialmente fianzas para garantizar cargos públicos, al igual que ciertos compromisos que los hombres casados contraen diariamente, que no tienen relación alguna con los intereses de la sociedad de gananciales y que no puede decirse que la beneficien. Se arguye que estas obligacions pueden hacerse efectivas consiguiendo la firma de la esposa, pero yo lo niego. Si la firma de un esposo en la fianza de un tesorero de condado no hace que la obligación pueda hacerse efectiva en los bienes inmuebles de la sociedad de gananciales porque la deuda no ha sido contraída en beneficio de dicha sociedad, es ocioso decir que por agregar la firma de la esposa la naturaleza de la deuda varía, es cobrable de la sociedad, etc. Las combinaciones y confusiones a que daría lugar la aceptación de esta doctrina serían interminables."

· En la opinión de la mayoría en el referido caso se asegura que el estatuto que regula la sociedad de gananciales es una creación original del estado de Washington, que participa de la índole de la sociedad (*partnership*) y de la corporación, difiriendo de ambas en algunos puntos esenciales (op., pág. 688). Siendo ello así, parece que la jurisprudencia de Washington no debe ser la más apropiada para guiarnos en la interpretación de nuestra propia ley que, como es sabido, es una copia fiel y exacta de la ley española, con excepción de las enmiendas que sufrió en el año 1902, antes aludidas.

Decimos que la jurisprudencia del estado de Washington no es la más apropiada, porque aunque no dudamos que el estatuto de Washington ha sido tomado, o por lo menos inspirado, en la ley mejicana, que a su vez se deriva de la española, al afirmar el tribunal más alto de dicho estado que el estatuto es una creación original de su asamblea legislativa, seguramente no ha tenido en cuenta en su interpretación los precedentes de la ley española, que deben ser tomados en consideración en relación con dicha institución jurídica.

Por el contrario, en el artículo del Profesor Alvin E. Evans, de la Universidad de Idaho, publicado en noviembre de 1921 en 35 Harvard Law Review 47, titulado *"The Ownership of Community Property,"* se mencionan los ocho estados de la Unión donde impera la sociedad de gananciales, a saber: Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas y Washington, y citando con aprobación al conocido autor Tiffany, dice que la teoría de California es la que más se asemeja a la del Derecho Español, aunque contiene ciertos principios tomados de la Ley Común.

Veamos, pues, cuál es la jurisprudencia de California, donde el marido, como en nuestra ley, no puede enajenar ni gravar bienes inmuebles de la sociedad conyugal sin el consentimiento expreso de su esposa. Artículo 172(*a*) del Código Civil de California.

En el caso de *Stewart* v. *Stewart*, 199 Cal. 318, en una opinión de veinticinco páginas, se hace un estudio completo de la institución de la sociedad de gananciales desde que se inició en el estado de California, en el año 1850, hasta la fecha. Se dice que al principio el marido, igual que en España, podía disponer libremente, excepto por testamento, de toda la propiedad conyugal sin restricción alguna. Que más tarde, en 1891, se enmendó el artículo 172 del Código Civil, adicionándole un *"disponiéndose"* que prescribía que el marido no puede hacer donación de bienes gananciales o enajenar los mismos sin causa, sin el consentimiento por escrito de la esposa. Que así continó la institución hasta que en 1917 se agregó el artículo 172(*a*) al Código Civil, el cual entre otras disposiciones restringe la facultad del marido en el sentido de no poder arrendar bienes inmuebles de la sociedad conyugal o cualquier interés en los mismos por un plazo mayor de un año ni venderlos, enajenarlos o gravarlos sin el concurso de la esposa o de su agente debidamente autorizado.

En el referido caso de *Stewart*, supra, después de hacer un resumen de toda la jurisprudencia del estado hasta la fecha, se resuelve que la enmienda de 1917 a que antes hemos hecho referencia, sólo tuvo por objeto proporcionar medidas de protección y seguridad contra los actos fraudulentos o irreflexivos del marido en el ejercicio de su control y dominio sobre los bienes de la sociedad conyugal, y no obstante dichas enmiendas se ratifica la constante jurisprudencia del estado 'que sostiene que las deudas particulares del marido pueden hacerse efectivas sobre cualesquiera bienes de la sociedad de gananciales. Termina la opinión modificando la aseveración que en casos anteriores se había hecho de que el interés de la esposa en la sociedad conyugal es una mera esperanza que sólo se realiza al disolverse aquélla. Se dice en este caso que si bien la esposa no tiene derecho adquirido alguno en los bienes de la sociedad conyugal mientras ésta no se haya disuelto, su interés en la misma es mayor que el de un presunto heredero. Dados los cambios que ha sufrido

la institución en Puerto Rico, semejantes a los de California, no dudamos que en realidad el interés de la esposa es algo más que una mera esperanza y que puede decirse que aquí, como en California, su interés en los bienes de la sociedad de gananciales es mayor que el de un presunto heredero.

En su moción de reconsideración el demandado reconoce que nuestra opinión contiene "una fiel y concienzuda exposición de los hechos fundamentales del caso", pero a pesar de esa admisión estima que es preciso aclarar o rectificar ciertas cuestiones de hecho que en su opinión no han sido correctamente expuestas y que juzga de importancia para decidir su aspecto legal. A este respecto sostiene el demandado:

"En primer lugar debe aclararse que la obligación contraída por el demandado Francisco de la Torre lo fue en adición o ampliación de las garantías prestadas por la Sra. Mercedes de la Torre y no en sustitución de las mismas (f. 1, línea 6, opinión)."

Lo que decimos en la opinión es lo siguiente:

"Mercedes de la Torre Berríos solicitó un préstamo de The American Colonial Bank of Porto Rico por la cantidad de $10,398.38. Para asegurarlo exigió el Banco ciertas garantías colaterales en adición a la hipotecaria que le ofrecía la solicitante. *En substitución de las garantías colaterales,* convino el peticionario Francisco de la Torre Garrido en obligarse también a pagar la cantidad prestada. . . ."

Lo transcrito, que es todo lo que se dice sobre el particular, claramente demuestra que en adición a la garantía hipotecaria dada por Mercedes de la Torre se obligó también Francisco de la Torre y que su firma sustituye, no la garantía hipotecaria que dió la señora de la Torre, sino la colateral que en adición a la hipotecaria le exigía el Banco.

En otra parte de la opinión decimos que algún tiempo después de celebrada la transacción entre los señores de la Torre y el banco, The National City Bank of New York se hizo cargo de todo el activo y pasivo del American Colonial Bank of Porto Rico, y que fué así como el crédito de referencia pasó a poder del banco demandante.

690

Sostiene el demandado que lo que consta de los autos sobre el particular es que el pagaré fué transmitido por endoso. Quizá por el conocimiento que el juez que suscribe ha adquirido de los hechos de este caso por haber actuado en otros incidentes del mismo en la Corte de Distrito de San Juan, inadvertidamente consignó un hecho que no consta de los autos de este caso. Es lo cierto que como consecuencia de la indicada transacción se transmitió el pagaré por medio de un endoso y así lo consignamos a petición del demandado.

Lo expuesto dispone, a nuestro juicio, de las cuestiones esenciales levantadas en la moción de reconsideración, *la que procede denegar.*